Harry P. Weitzel, Esq. (Cal Bar No. 149934)
**PEPPER HAMILTON LLP**
4 Park Plaza, Suite 1200
Irvine, California  92614
Telephone:  949.567.3500
Fax:  949.863.0151
weitzelh@pepperlaw.com

M. Kelly Tillery (Admitted *Pro Hac Vice*)
Erik N. Videlock (Admitted *Pro Hac Vice*)
Christopher D. Olszyk (Admitted *Pro Hac Vice*)
**PEPPER HAMILTON LLP**
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA   19103-2799
Telephone:  215.981.4000
Fax:  215.981.4750
tillerk@pepperlaw.com
videlocke@pepperlaw.com
olszykc@pepperlaw.com

*Counsel for Defendant Jay Quiang Huang and*
*Defendant/Counterclaim Plaintiff Saint-Gobain*
*Performance Plastics Corporation*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAL SEAL ENGINEERING COMPANY, INC., | Case No.  **10cv0819 IEG-CAB** |
| Plaintiff/Counterclaim Defendant, | **Honorable:  Irma E. Gonzalez** |
| v. | **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE PLASTICS, CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT** |
| JAY QUIANG HUANG, | |
| Defendant, | |
| SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION, | |
| Defendant/Counterclaim Plaintiff. | |

For its Answer to the First Amended Complaint of Bal Seal Engineering Company, Inc. (the "Amended Complaint"), Defendant Saint-Gobain Performance Plastics Corporation ("SGPP"), by its attorneys, responds to the Amended Complaint, in accordance with its numbered paragraphs as follows:

1. Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and they are therefore denied.

2. Defendant SGPP admits the allegations contained in Paragraph 2.

3. Defendant SGPP admits the allegations contained in Paragraph 3.

4. Defendant SGPP admits that Paragraph 4 sets forth multiple statutory bases for alleged subject matter jurisdiction. The allegations in Paragraph 4, however, constitute legal conclusions not requiring a response and they are therefore denied.

5. The allegations in Paragraph 5 constitute legal conclusions not requiring a response, and are therefore denied.

6. Defendant SGPP admits only that, on its face, U.S. Patent No. 5,082,390 was issued by the USPTO to Peter J. Balsells on January 21, 1992. Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and they are therefore denied.

7. Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and they are therefore denied.

8. The '390 Patent is a document, which speaks for itself, and any and all characterizations by Bal Seal of the '390 Patent are denied. To the extent the allegations in Paragraph 8 include claim constructions, these allegations constitute legal conclusions not requiring a response and they are therefore denied.

9. Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and they are therefore denied.

10. Defendant SGPP denies all allegations in Paragraph 10.

---

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT**

#12891712 v6

11.   Defendant SGPP admits only that, exclusive of the italics and bolding, the quoted language contained in Paragraph 11 accurately quotes what is stated in Exhibit E.   Defendant SGPP denies that it encourages, suggests, and/or induces infringement of the '390 Patent, through the quoted language or otherwise.

12.   Defendant SGPP admits only that the figures in paragraph 12 are facsimiles of Exhibit E.   Defendant SGPP denies all other allegations.

13.   Defendant SGPP admits only that, exclusive of the italics and bolding, the quoted language contained in Paragraph 13 accurately quotes what is stated in Exhibit E.   Defendant SGPP denies the remaining allegations in Paragraph 13.

14.   Defendant SGPP denies all allegations in Paragraph 14.

15.   Defendant SGPP admits only to having two offices located through the United States, and manufacturing and selling springs and related products such as seals and connectors for use with springs, and providing those products to its customers.   Defendant SGPP admits that the quoted language contained in Paragraph 15 accurately quotes what is stated in Exhibit E.   Defendant SGPP denies the remaining allegations in Paragraph 15.

16.   Defendant SGPP admits that it is aware of the '390 Patent.   Defendant SGPP denies all other allegations in Paragraph 16.

17.   Defendant SGPP admits only that, on its face, U.S. Patent No. 5,160,122 was issued by the USPTO to Peter J. Balsells on November 3, 1992.   Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and they are therefore denied.

18.   Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and they are therefore denied.

19.   The '122 Patent is a document, which speaks for itself, and any and all characterizations by Bal Seal of the '122 Patent are denied.   To the extent the

allegations in Paragraph 19 include claim constructions, these allegations constitute legal conclusions not requiring a response and they are therefore denied.

20.   Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and they are therefore denied.

21.   Defendant SGPP denies all allegations in Paragraph 21.

22.   Defendant SGPP admits only that, exclusive of the italics and bolding, the quoted language contained in Paragraph 22 accurately quotes what is stated in Exhibit F.   Defendant SGPP denies that it encourages, suggests, and/or induces infringement of the '122 Patent, through the quoted language or otherwise.

23.   Defendant SGPP admits only that, exclusive of the italics and bolding, the quoted language contained in Paragraph 23 accurately quotes what is stated in Exhibit F.   Defendant SGPP denies all other characterizations or allegations in Paragraph 23.

24.   Defendant SGPP denies all allegations in Paragraph 24.

25.   Defendant SGPP admits only that the quoted language contained in Paragraph 25 accurately quotes what is stated in Exhibit G.   Defendant SGPP denies all other allegations in Paragraph 25.

26.   Defendant SGPP admits that the figures contained in Paragraph 26 are facsimiles of Exhibits F and G.   Defendant SGPP denies all other allegations in Paragraph 26.

27.   Defendant SGPP admits that the quoted language contained in Paragraph 27 accurately quotes what is stated in Exhibit G.   Defendant SGPP denies all other allegations in Paragraph 27.

28.   Defendant SGPP denies all allegations in Paragraph 28.

29.   Defendant SGPP admits only to having two offices located through the United States, and manufacturing and selling springs and related products such as

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT

#12891712 v6

seals, gaskets, and connectors for use with springs, and providing those products to its customers.   Defendant SGPP admits that the quoted language contained in Paragraph 29 accurately quotes what is stated in Exhibit F.   Defendant SGPP denies the remaining allegations in Paragraph 29.

30.   Defendant SGPP admits that it is aware of the '122 Patent.   Defendant SGPP denies all other allegations in Paragraph 30.

31.   Defendant SGPP admits only that, on its face, U.S. Patent No. 5,984,316 was issued by the USPTO to Peter J. Balsells on November 16, 1999.   Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31, and they are therefore denied.

32.   Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and they are therefore denied.

33.   The '316 Patent is a document, which speaks for itself, and any and all characterizations by Bal Seal of the '316 Patent are denied.   To the extent the allegations in Paragraph 33 include claim constructions, these allegations constitute legal conclusions not requiring a response and they are therefore denied.

34.   Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and they are therefore denied.

35.   Defendant SGPP denies all allegations in Paragraph 35.

36.   Defendant SGPP admits only that, exclusive of the italics and bolding, the quoted language contained in Paragraph 36 accurately quotes what is stated in Exhibit H.   Defendant SGPP denies that it encourages, suggests, and/or induces infringement of the '316 Patent, through the quoted language or otherwise.

#12891712 v6

37.   Defendant SGPP admits that the figures contained in Paragraph 37 are facsimiles of Exhibit H.  Defendant SGPP denies all other allegations in Paragraph 37.

38.   Defendant SGPP denies all allegations contained in Paragraph 38.

39.   Defendant SGPP admits only to having two offices located through the United States, and manufacturing and selling springs (including canted coil and u-type springs) and related products such as seals, gaskets, and connectors that incorporate the springs, and providing those products to its customers.  Defendant SGPP admits that the quoted language contained in Paragraph 39 accurately quotes what is stated in Exhibit H.  Defendant SGPP denies the remaining allegations in Paragraph 39.

40.   Defendant SGPP admits that it is aware of the '316 Patent.  Defendant SGPP denies all other allegations in Paragraph 40.

41.   Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and they are therefore denied.

42.   The Secrecy Agreement is a document, which speaks for itself, and any and all characterizations by Bal Seal of the Secrecy Agreement are denied.  To the extent the allegations in Paragraph 42 constitute legal conclusions, they do not require a response and are therefore denied.

43.   The Secrecy Agreement is a document, which speaks for itself, and any and all characterizations by Bal Seal of the Secrecy Agreement are denied.  To the extent the allegations in Paragraph 43 constitute legal conclusions, they do not require a response and are therefore denied.

44.   The Secrecy Agreement is a document, which speaks for itself, and any and all characterizations by Bal Seal of the Secrecy Agreement are denied.  To the

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT

#12891712 v6

extent the allegations in Paragraph 44 constitute legal conclusions, they do not require a response and are therefore denied.

45. Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and they are therefore denied.

46. Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and they are therefore denied.

47. Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and they are therefore denied.

48. Defendant SGPP admits only that Jay Huang was and is an employee of SGPP since April 2008. Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48, and they are therefore denied.

49. Defendant SGPP admits only that on September 18, 2008, it filed with the United States Patent and Trademark Office, Trademark Applications for the word-marks OMNISPRING and OMNISHIELD, both on an Intent to Use filing basis, and covering goods described as "metal hardware, namely springs; metal springs used as electrical connectors" and "metal springs with electrical properties used in the manufacture of electronic equipment for the military, commercial and consumer electrical and electronics industries, to prevent the passage of electromagnetic and radio frequency waves", respectively.

50. Defendant SGPP denies the allegations set forth in Paragraph 50.

51. Defendant SGPP denies the allegations set forth in Paragraph 51.

52. Defendant SGPP denies the allegations set forth in Paragraph 52.

53. Defendant SGPP denies the allegations set forth in Paragraph 53.

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT**

#12891712 v6

54.   Defendant SGPP admits only that in June and/or July 2009 counsel for Bal Seal contacted counsel for SGPP, alleging misappropriation of proprietary, confidential and trade secret information.   Defendant SGPP denies all other allegations set forth in Paragraph 54.

55.   Defendant SGPP denies the allegations in Paragraph 55.   By way of further answer, SGPP states that at no time did it directly or indirectly issue RFQ's using Bal Seal's proprietary, confidential and trade secret information.

56.   Defendant SGPP denies the allegations set forth in Paragraph 56.

57.   Defendant SGPP denies the allegations set forth in Paragraph 57.

58.   Defendant SGPP denies the allegations set forth in Paragraph 58.

59.   Defendant SGPP denies the allegations set forth in Paragraph 59.

60.   Defendant SGPP denies the allegations set forth in Paragraph 60

61.   Defendant SGPP denies the allegations set forth in Paragraph 61.

62.   Defendant SGPP denies the allegations set forth in Paragraph 62.

63.   Defendant SGPP denies the allegations set forth in Paragraph 63.

64.   Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and they are therefore denied. Defendant SGPP expressly denies any wrongdoing.

65.   Defendant SGPP denies the allegations set forth in Paragraph 65.

66.   Defendant SGPP hereby incorporates by reference its answers to the allegations contained in paragraphs 1 through 65 of the Amended Complaint as if set forth fully herein.

67.   The allegations in Paragraph 67 constitute legal conclusions not requiring a response and they are therefore denied.  To the extent that Paragraph 67 contains allegations of fact, those allegations are denied.

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT**

#12891712 v6

68. The allegations in Paragraph 68 constitute legal conclusions not requiring a response and they are therefore denied. To the extent that Paragraph 68 contains allegations of fact, those allegations are denied.

69. The allegations in Paragraph 69 constitute legal conclusions not requiring a response and they are therefore denied. To the extent that Paragraph 69 contains allegations of fact, those allegations are denied.

70. The allegations in Paragraph 70 constitute legal conclusions not requiring a response and they are therefore denied. To the extent that Paragraph 70 contains allegations of fact, those allegations are denied.

71. Defendant SGPP admits that it is aware of the '390 Patent. The remaining allegations of Paragraph 71 are denied.

72. The allegations in Paragraph 72 constitute legal conclusions not requiring a response and they are therefore denied. To the extent that Paragraph 72 contains allegations of fact, those allegations are denied.

73. Defendant SGPP hereby incorporates by reference his answers to the allegations contained in paragraphs 1 through 72 of the Amended Complaint as if set forth fully herein.

74. The allegations in Paragraph 74 constitute legal conclusions not requiring a response and they are therefore denied. To the extent that Paragraph 74 contains allegations of fact, those allegations are denied.

75. The allegations in Paragraph 75 constitute legal conclusions not requiring a response and they are therefore denied. To the extent that Paragraph 75 contains allegations of fact, those allegations are denied.

76. The allegations in Paragraph 76 constitute legal conclusions not requiring a response and they are therefore denied. To the extent that Paragraph 76 contains allegations of fact, those allegations are denied.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE
PLASTICS CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT

#12891712 v6

77. The allegations in Paragraph 77 constitute legal conclusions not requiring a response and they are therefore denied. To the extent that Paragraph 77 contains allegations of fact, those allegations are denied.

78. Defendant SGPP admits that it is aware of the '122 Patent. The remaining allegations of Paragraph 78 are denied.

79. The allegations in Paragraph 79 constitute legal conclusions not requiring a response and they are therefore denied. To the extent that Paragraph 79 contains allegations of fact, those allegations are denied.

80. Defendant SGPP hereby incorporates by reference its answers to the allegations contained in paragraphs 1 through 79 of the Amended Complaint as if set forth fully herein.

81. The allegations in Paragraph 81 constitute legal conclusions not requiring a response and they are therefore denied. To the extent that Paragraph 81 contains allegations of fact, those allegations are denied.

82. The allegations in Paragraph 82 constitute legal conclusions not requiring a response and they are therefore denied. To the extent that Paragraph 82 contains allegations of fact, those allegations are denied.

83. The allegations in Paragraph 83, constitute legal conclusions not requiring a response and they are therefore denied. To the extent that Paragraph 83 contains allegations of fact, those allegations are denied.

84. The allegations in Paragraph 84 constitute legal conclusions not requiring a response and they are therefore denied. To the extent that Paragraph 84 contains allegations of fact, those allegations are denied.

85. Defendant SGPP admits that it is aware of the '316 Patent. The remaining allegations of Paragraph 85 are denied.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT

#12891712 v6

86.   The allegations in Paragraph 86 constitute legal conclusions not requiring a response and they are therefore denied.  To the extent that Paragraph 86 contains allegations of fact, those allegations are denied.

87.   Defendant SGPP hereby incorporates by reference its answers to the allegations contained in paragraphs 1 through 86 of the Amended Complaint as if set forth fully herein.

88.   Defendant SGPP denies the allegations in Paragraph 87 relating to an alleged misappropriation of trade secrets.  Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88, including whether any such trade secrets exists, and they are therefore denied.

89.   Defendant SGPP denies the allegations in Paragraph 88 relating to an alleged misappropriation of trade secrets.  Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89, including whether any such trade secrets exists, and they are therefore denied.

90.   Defendant SGPP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and they are therefore denied.

91.   Defendant SGPP denies all allegations contained in Paragraph 91.

92.   Defendant SGPP denies all allegations contained in Paragraph 92.

93.   Defendant SGPP denies all allegations contained in Paragraph 93.

94.   The allegations in Paragraph 94 constitute legal conclusions not requiring a response and they are therefore denied.  To the extent that Paragraph 94 contains allegations of fact, those allegations are denied.

95. The allegations in Paragraph 95 constitute legal conclusions not requiring a response and they are therefore denied. To the extent that Paragraph 95 contains allegations of fact, those allegations are denied.

96. The allegations in Paragraph 96 constitute legal conclusions not requiring a response and they are therefore denied. To the extent that Paragraph 96 contains allegations of fact, those allegations are denied.

97. Defendant SGPP hereby incorporates by reference his answers to the allegations contained in paragraphs 1 through 96 of the Amended Complaint as if set forth fully herein.

98. The allegations in Paragraph 98 constitute legal conclusions not requiring a response and they are therefore denied. To the extent that Paragraph 98 contains allegations of fact, those allegations are denied.

99. The allegations in Paragraph 99 constitute legal conclusions not requiring a response and they are therefore denied. To the extent that Paragraph 99 contains allegations of fact, those allegations are denied.

100. Defendant SGPP is not subject of Claim 6 and no response to Paragraph 100 is required, and is therefore denied.

101. Defendant SGPP is not subject of Claim 6 and no response to Paragraph 101 is required, and is therefore denied.

102. Defendant SGPP is not subject of Claim 6 and no response to Paragraph 102 is required, and is therefore denied.

103. Defendant SGPP is not subject of Claim 6 and no response to Paragraph 103 is required, and is therefore denied.

104. Defendant SGPP is not subject of Claim 6 and no response to Paragraph 104 is required, and is therefore denied.

105. Defendant SGPP is not subject of Claim 6 and no response to Paragraph 105 is required, and is therefore denied.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT

#12891712 v6

1   106. Defendant SGPP is not subject of Claim 6 and no response to Paragraph
2   106 is required, and is therefore denied.

3   107. Defendant SGPP is not subject of Claim 6 and no response to Paragraph
4   107 is required, and is therefore denied.

5   108. Defendant SGPP hereby incorporates by reference its answers to the
6   allegations contained in paragraphs 1 through 107 the Amended Complaint as if set
7   forth fully herein.

8   109. Defendant SGPP is not subject of Claim 7 and no response to Paragraph
9   109 is required, and is therefore denied.

10  110. Defendant SGPP is not subject of Claim 7 and no response to Paragraph
11  110 is required, and is therefore denied.

12  111. Defendant SGPP is not subject of Claim 7 and no response to Paragraph
13  111 is required, and is therefore denied.

14  112. Defendant SGPP is not subject of Claim 7 and no response to Paragraph
15  112 is required, and is therefore denied.

16  113. Defendant SGPP is not subject of Claim 7 and no response to Paragraph
17  113 is required, and is therefore denied.

18  114. Defendant SGPP is not subject of Claim 7 and no response to Paragraph
19  114 is required, and is therefore denied.

20  115. Defendant SGPP is not subject of Claim 7 and no response to Paragraph
21  115 is required, and is therefore denied.

22
23
24  ## AFFIRMATIVE DEFENSES
25  ## FIRST AFFIRMATIVE DEFENSE

26  Plaintiff's Amended Complaint fails to state a claim upon which relief can be
27  granted.

28

---

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT**

#12891712 v6

## SECOND AFFIRMATIVE DEFENSE

Defendant SGPP does not, and did not directly, by inducement, contributorily, or in any other manner, infringe any of the claims in Plaintiff's '390 Patent.

## THIRD AFFIRMATIVE DEFENSE

Defendant SGPP does not, and did not directly, by inducement, contributorily, or in any other manner, infringe any of the claims in Plaintiff's '122 Patent.

## FOURTH AFFIRMATIVE DEFENSE

Defendant SGPP does not, and did not directly, by inducement, contributorily, or in any other manner, infringe any of the claims in Plaintiff's '316 Patent.

## FIFTH AFFIRMATIVE DEFENSE

The '390 Patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, including 35 U.S.C. §§ 101, 102, 103, and 112.

## SIXTH AFFIRMATIVE DEFENSE

The '122 Patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, including 35 U.S.C. §§ 101, 102, 103, and 112.

## SEVENTH AFFIRMATIVE DEFENSE

The '316 Patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, including 35 U.S.C. §§ 101, 102, 103, and 112.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are Unenforceable and barred by the Doctrine of Laches.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT

#12891712 v6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are Unenforceable and barred by the Doctrine of Equitable Estoppel.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are Unenforceable and barred by the Doctrine of Acquiescence and Waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are Unenforceable and barred by the applicable Statute of Limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from construing the claims of the '390, '122 and '360 Patents in such a way as to cover any of SGPP's products or actions, due to statements made to the United States Patent and Trademark Office during prosecution of the applications that led to the issuance of the 390, '122 and '360 Patent or at any other time.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the Unclean Hands Doctrine, and because Plaintiff's claims are brought in bad faith to prevent legitimate competition.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are Unenforceable and barred by the Doctrine of Misuse.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred to the extent that Plaintiff failed to comply with the marking requirements of 35 U.S.C. § 287(a).

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant SGPP's actions were based on good, sufficient, and legal cause, upon reasonable grounds

---

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT**

#12891712 v6

for belief in their justification, and were taken in good faith and without malice or ill will for Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Trade Secret Misappropriation claims are barred, in whole or in part, because the subject matter of the alleged trade secrets do not derive independent economic value.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Trade Secret Misappropriation claims are barred, in whole or in part, because the subject matter of the alleged trade secrets are not subject of efforts reasonably calculated to maintain secrecy.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Trade Secret Misappropriation claims are barred by the Doctrine of Independent Creation.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's Trade Secret Misappropriation claims are barred, in whole or in part, because knowledge, information, etc., constituting a trade secret was never imparted to, acquired by, or disclosed to Defendant SGPP or to Defendant Huang.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims arise from bad faith conduct of Plaintiff, and/or concerted bad faith conduct of Third Persons.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Trade Secret Misappropriation claims are barred by Contract.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant SGPP is a beneficiary of Defendant Huang's full performance of any and all contractual, statutory, and other duties, if any, owing to Plaintiff, and said Plaintiff is without or otherwise estopped to assert any cause of action against Defendant SGPP.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT

#12891712 v6

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Trade Secret Misappropriation claims are barred because the subject matter of the alleged trade secrets are generally known to the public.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff would be unjustly enriched if Plaintiff were to prevail in this action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages as a result of any action taken by Defendant SGPP, Plaintiff is thus barred from asserting any cause of action against Defendant SGPP.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief because any injury to the Plaintiff is not immediate or irreparable, and the Plaintiff has an adequate remedy at law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant SGPP is entitled to its attorneys' fees and costs pursuant to Cal. Civ. Code § 3426.4, providing that if a claim of misappropriation is made in bad faith, the Court may award reasonable attorneys' fees and costs to the prevailing party.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant SGPP is entitled to its attorneys' fees pursuant to Title 35 U.S.C. § 285, providing that upon a finding of an "exceptional" case, the Court may award reasonable attorneys' fees to the prevailing party.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant SGPP has insufficient knowledge or information on which to form a belief as to whether it may have additional and as yet unstated affirmative defense available.  Therefore, Defendant SGPP reserves the right to assert such additional

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT

#12891712 v6

defenses as are warranted in the event that the discovery indicates that such defenses would be appropriate.

## COUNTERCLAIMS OF COUNTER-CLAIM PLAINTIFF SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION TO COUNTER-CLAIM DEFENDANT BAL SEAL ENGINEERING COMPANY, INC.

For its counterclaim against Bal Seal Engineering Company, Inc. ("Bal Seal"), Saint-Gobain Performance Plastics Corporation ("SGPP") states as follows:

1.    SGPP is a Delaware corporation having a place of business at 7301 Orangewood Avenue, Garden Grove, California 92841.

2.    Upon information and belief, Bal Seal is a California Corporation having a principal place of business at 19650 Pauling, Foothill Ranch, California 92610.

3.    This Court has subject matter jurisdiction over the following Counterclaims pursuant to Title 28 U.S.C. §§ 1331, 1338(a) and 2201.

## COUNT I
## DECLARATORY JUDGMENT – NON-INFRINGEMENT

4.    This is an action for Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,082,390 ("the '390 Patent").

5.    Defendant SGPP hereby incorporates by reference its answers to the allegations contained in paragraphs 1 through 115 of the Amended Complaint as if set forth fully herein.

6.    Bal Seal alleges ownership of the '390 Patent.

7.    Bal Seal brought this action and alleges SGPP is a direct and contributory infringer and has induced others to infringe the '390 Patent.  There is an actual controversy between SGPP and Bal Seal.

8.    SGPP did not and does not infringe the '390 Patent.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT

#12891712 v6

## COUNT II
## DECLARATORY JUDGMENT – PATENT INVALIDITY

9.    This is an action for Declaratory Judgment for invalidity of the '390 Patent.

10.    Defendant SGPP hereby incorporates by reference its answers to the allegations contained in paragraphs 1 through 115 of the Amended Complaint as if set forth fully herein.

11.    The '390 Patent is Invalid for failure to comply with the requirements of patentability as set forth in the patent statutes, including, but not limited to, Title 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT III
## DECLARATORY JUDGMENT – NON-INFRINGEMENT

12.    This is an action for Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,160,122 ("the '122 Patent").

13.    Defendant SGPP hereby incorporates by reference its answers to the allegations contained in paragraphs 1 through 115 of the Amended Complaint as if set forth fully herein.

14.    Bal Seal alleges ownership of the '122 Patent.

15.    Bal Seal brought this action and alleges SGPP is a direct and contributory infringer and has induced others to infringe the '122 Patent.  There is an actual controversy between SGPP and Bal Seal.

16.    SGPP did not and does not infringe the '122 Patent.

## COUNT IV
## DECLARATORY JUDGMENT – PATENT INVALIDITY

17.    This is an action for Declaratory Judgment for invalidity of the '122 Patent.

#12891712 v6

18.   Defendant SGPP hereby incorporates by reference its answers to the allegations contained in paragraphs 1 through 115 of the Amended Complaint as if set forth fully herein.

19.   The '122 Patent is Invalid for failure to comply with the requirements of patentability as set forth in the patent statutes, including, but not limited to, Title 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT V
## DECLARATORY JUDGMENT – NON-INFRINGEMENT

20.   This is an action for Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,984,316 ("the '316 Patent").

21.   Defendant SGPP hereby incorporates by reference its answers to the allegations contained in paragraphs 1 through 115 of the Amended Complaint as if set forth fully herein.

22.   Bal Seal alleges ownership of the '316 Patent.

23.   Bal Seal brought this action and alleges SGPP is a direct and contributory infringer and has induced others to infringe the '316 Patent.  There is an actual controversy between SGPP and Bal Seal.

24.   SGPP did not and does not infringe the '316 Patent.

## COUNT VI
## DECLARATORY JUDGMENT – PATENT INVALIDITY

25.   This is an action for Declaratory Judgment for invalidity of the '316 Patent.

26.   Defendant SGPP hereby incorporates by reference its answers to the allegations contained in paragraphs 1 through 115 of the Amended Complaint as if set forth fully herein.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT

#12891712 v6

27.    The '316 Patent is Invalid for failure to comply with the requirements of patentability as set forth in the patent statutes, including, but not limited to, Title 35 U.S.C. §§ 101, 102, 103, and 112.

## **PRAYER FOR RELIEF**

WHEREFORE, SGPP requests judgment in its favor and against Plaintiff and Counterclaim Defendant as follows:

A.    That Bal Seal take nothing by way of its Amended Complaint and that its Amended Complaint be dismissed with prejudice;

B.    That the Court Declare that SGPP has not infringed any valid claim of the '390, '122, and '316 Patents;

C.    That the Court Declare that each of the claims of the '390, '122, and '316 Patents are Invalid;

D.    That the Court Declare this case "exceptional" under Title 35 U.S.C. § 285 and award SGPP its reasonable attorneys' fees;

E.    That the Court Declare Bal Seal's Trade Secret Misappropriation Claims have been made in "bad faith", and award reasonable attorneys' fees and costs to SGPP, pursuant to Cal. Civ. Code § 3426.4;

F.    That the Court Award SGPP its costs incurred herein; and

G.    That the Court Award SGPP such further relief as the Court deems just and proper.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT

#12891712 v6

1

Dated:  July 21, 2010

PEPPER HAMILTON LLP

2

3

By:/s/ Harry P. "Hap" Weitzel

4

Harry P. "Hap" Weitzel (Cal. Bar
No. 149934)

5

PEPPER HAMILTON LLP

6

4 Park Plaza, Suite 1200
Irvine, California 92614

7

Telephone:  949.567.3500

8

Fax:  949.863.0151
Email: weitzelh@pepperlaw.com

9

10

M. Kelly Tillery*
Erik N. Videlock*

11

Christopher D. Olszyk, Jr.*

12

PEPPER HAMILTON LLP
3000 Two Logan Square

13

Eighteenth & Arch Streets

14

Philadelphia, PA  19103-2799
Telephone: (215) 981-4000

15

Fax: (215) 981-4750

16

Email: tilleryk@pepperlaw.com,
videlocke@pepperlaw.com, and

17

olszykc@pepperlaw.com

18

* Admitted Pro Hac Vice

19

*Counsel for Defendant Jay Quiang
Huang and Defendant/Counterclaim*

20

*Plaintiff Saint-Gobain Performance*

21

*Plastics Corporation*

22

23

24

25

26

27

28

---

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE
PLASTICS CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT**

#12891712 v6

1

## **CERTIFICATE OF SERVICE**

2

3        I hereby certify that a copy of the foregoing document was filed

4   electronically in compliance with Local Rule CV-5(a). Therefore, this document

5   was served on all counsel who are deemed to have consented to electronic service.

6   Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d)

7   and (e), all other counsel of record not deemed to have consented to electronic

8   service were served with a true and correct copy of the foregoing by email on this

9   21st, day of July, 2010.

10

11

12                                                    Patricia King

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF SAINT-GOBAIN PERFORMANCE
PLASTICS CORPORATION TO COUNTS I THROUGH V OF FIRST AMENDED COMPLAINT**

#12891712 v6